IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**STEVE BRIAN McMULLEN, JR., #K3421**                                                     **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 5:17-cv-152-MTP**

**DIANIA WALKER,** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Sarah Davis, Diania Walker, Gabriel Walker, and Management Training Corporation's Motion [32] for Summary Judgment. Having carefully considered the parties' submissions and the applicable law, the undersigned finds that Motion [32] should be granted and this action should be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, was a post-conviction inmate in the custody of the Mississippi Department of Corrections at the time this lawsuit was filed. His claims arise out of issues with another inmate named L.C. Fisher. On November 1, 2015, while incarcerated at Wilkinson County Correctional Facility ("WCCF") which is run by Management Training Corporation ("MTC"), Fisher allegedly called Plaintiff's mother and extorted money from her. Fisher was able to call Plaintiff's mother using a cell phone purportedly smuggled in by Diania Walker, an MTC officer. Plaintiff reported this extortion to Diania Walker, but Plaintiff claims that she did nothing.

Plaintiff continued to have issues with Fisher. Plaintiff testified at a *Spears*[1] hearing that on November 2, 2015 he confronted Fisher about the extortion. Fisher then chased Plaintiff around the zone. According to Plaintiff, this was witnessed by the correctional officers in the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

tower who then called Gabriel Walker, Diania Walker, and another captain to address the conflict. Plaintiff testified that Gabriel Walker ordered Plaintiff locked in his cell for his own safety, but Plaintiff believes that Fisher was not properly searched or handled after the incident.

On November 4, 2015, Fisher gave Plaintiff's cellmate, Sherman Licciardi, a knife and a bag of "spice" as payment to attack Plaintiff. Licciardi attacked Plaintiff and they fought in the cell. After the incident was resolved and Plaintiff was treated for his injuries, Plaintiff was put back on the same unit as Fisher.

On November 5, 2015, Plaintiff's cell was unlocked by Sarah Davis. While his cell was unlocked, inmates Raymond Stilley and Craig Lee[2] came into Plaintiff's cell to share a spice joint with him. Plaintiff testified that when he started to "hit the spice joint," Stilley and Lee attacked him and held him on the ground until he passed out. Plaintiff claims that these inmates, who were later joined by Fisher, tied him up, stabbed him in the side of the head and on the face, and poured hot water and hot baby oil on him.

A correctional officer later found Plaintiff in his cell bleeding. He was taken to the medical unit for treatment and then transported to the hospital. Plaintiff testified that he returned to WCCF from the hospital and Gabriel Walker placed him in segregation, without his property, for several days. After approximately a week in segregation, Plaintiff was transferred to another facility.

Plaintiff sues the individual Defendants for failing to protect him and MTC for employing the Defendants who failed to protect him. Defendants filed Motion [32] for Summary Judgment on March 8, 2019. Plaintiff filed his Response [34] on March 29, 2019 and

---

[2] The prison records reflect that one of the assailants was Anthony Poe and not Craig Lee. The identity of the attacker, however, is immaterial to the Court's analysis of the issues raised in the summary judgment motion. The Court will refer to the attacker as Lee, as that is how Plaintiff identified him at the *Spears* hearing.

Defendants filed their Reply [35] on May 29, 2019. Plaintiff also filed a Sur-Reply [38] on July 5, 2019, without leave of Court. This matter is ripe for review.

## ANALYSIS

### *Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

### *Defendant Diania Walker*

Plaintiff sues Defendant Diania Walker for failing to protect him on November 1, 2, 4, and 5, 2015. Diania Walker asserts that Plaintiff cannot establish a constitutional violation in

relation to any of those incidents. She also submits that Plaintiff has not demonstrated that she acted with deliberate indifference and she is therefore entitled to qualified immunity.

To establish a § 1983 failure to protect claim against a prison official, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his needs for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Mere negligent failure to protect is not actionable under § 1983, nor is deliberate indifference established by an official's failure to alleviate a significant risk that the official should have perceived but did not." *Brown v. Bufkin*, 2019 WL 3220002, at *4 (S.D. Miss. July 17, 2019) (citing *Thompson v. Upshur Cnty., TX,* 245 F.3d 447, 459 (5th Cir. 2001)); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotations omitted).

On November 1, 2015, Plaintiff complained to Diania Walker that inmate Fisher was allegedly using an illegal cell phone and extorting money from his mother. Plaintiff alleges that Walker did nothing to stop this. On November 2, 2015, Plaintiff and Fisher had a verbal altercation and Plaintiff claims that Fisher chased him around the unit until Diania Walker and other correctional officers entered the unit and locked all the inmates in their cells.

Plaintiff cannot prevail on his failure to protect claim relating to the November 1 and November 2 incidents because he did not suffer any physical injuries. "Absent a showing that other inmates harmed [Plaintiff], there is no factual basis for a failure to protect claim." *Walzier*

*v.McMullen*, 333 Fed. App'x 848, 851 (5th Cir. 2009); *see also Johnson v. Burnly*, 2018 WL 1341727, at *3 (S.D. Miss. Feb. 9, 2018) (holding that plaintiff had to demonstrate an actual physical harm resulting from the conduct of prison officials to establish failure to protect claim). "In the absence of any allegation of physical injury, [a plaintiff] fail[s] to allege facts which would support a claim for compensatory damages." *Brooks v. Walker*, 2019 WL 4315020, at *2 (S.D. Miss. May 10, 2019).

Plaintiff is only requesting monetary damages. *See* Order [26] at 2. There was no physical injury as a result of his interactions with other inmates on November 1 and 2, and his failure to protect claim relating to those two days fail because he did not suffer any physical harm and cannot seek compensatory damages.

On November 4, 2015, Plaintiff was allegedly attacked by his cell mate, Sherman Licciardi. Plaintiff testified at the *Spears* hearing that Fisher gave Licciardi the knife to attack Plaintiff and spice as payment for the attack. Mot. [32], Ex. A at 24. He also testified that Licciardi attacked him within 15-20 minutes of receiving the weapon from Fisher, and he did not have time to inform the prison staff that Licciardi was armed. *Id.*

Under this version of events offered by Plaintiff, Defendant Diania Walker was not aware of a risk to Plaintiff's safety. The events leading up to the alleged attack by Licciardi happened so quickly that Plaintiff could not inform anyone. By Plaintiff's own testimony, Diania Walker was not deliberately indifferent, or even negligent, in this situation. Diania Walker cannot be liable for failing to protect Plaintiff from the injuries inflicted by his cell mate, when the danger was not readily apparent to anyone. *See Walker v. Livingston*, 381 Fed. App'x 477, 480 (5th Cir. 2010) (holding that defendants must be subjectively aware of danger to be held liable).

5

Additionally, Plaintiff argues that Diania Walker failed to protect him from the attack on November 5, 2015, carried out by Fisher and two other inmates. Plaintiff testified that Diania Walker should not have placed him back on the same unit where he had previous issues with Fisher. *Id*. at 17. Diania Walker, however, was not working on the unit when the attack occurred on November 5, 2015. She was not the officer who opened Plaintiff's cell, and Plaintiff stated in his Complaint that Diania Walker had ordered his cell to remain locked. *See* [1] at 5. Nothing in the record demonstrates that Diania Walker was aware that another guard would open Plaintiff's cell or that inmates Stilley and Lee would attack Plaintiff because he did not have any red-tags placed on them. *See* Mot. [32], Ex. E.[3] Plaintiff has not come forward with sufficient summary judgment evidence to show that Diania Walker acted with deliberate indifference when she placed plaintiff back on the zone in a locked cell.[4] Therefore, each of Plaintiff's failure to protect claims against Diania Walker fail and she is entitled to summary judgment.

*Defendant Sarah Davis*

Plaintiff sues Defendant Sarah Davis, a correctional officer at WCCF, for failing to protect him from the altercation that occurred on the evening of November 5, 2015. Plaintiff alleges that Davis opened the door to his cell that evening, which precipitated the attack from Stilley and Lee, and later Fisher.

---

[3] Plaintiff's list of "keep-separates" from other inmates now includes Raymond Stilley, effective January 1, 2018, and L.C. Fisher, effective December 29, 2017. There is not a Craig Lee or Anthony Poe on the list.

[4] Plaintiff submits in his Sur-Reply [38], which he did not have leave to file, that he "did go prior to 11-4-15, 11-5-15, to Deputy Warden Walker & Unit Manager Walker to give notice that he was having conflict and wished to be moved." *See* [38] at 3. This assertion does not provide any specificity about Plaintiff's concerns, and an unsworn statement in an unauthorized pleading is not competent summary judgment evidence. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir. 2001).

Yet, Plaintiff has not provided any evidence that Davis was subjectively aware of a threat to his safety. The attack occurred at a time that inmates were normally allowed out of their cells. Mot. [32], Ex G at 2. Plaintiff testified that he was initially not afraid of Stilley and Lee and let them into his cell because they offered to share a spice joint with him. Mot. [32], Ex. A at 25. Plaintiff's willingness to interact with Stilley and Lee demonstrates that no one, including Plaintiff, was aware that they posed a threat. Moreover, Davis swore in her affidavit that she was never told and was not personally aware of any conflicts Plaintiff had with other inmates on his zone. Mot. [32], Ex. G at 2.

The evidence of record shows that Defendant Sarah Davis was not aware of a risk to Plaintiff's safety. Plaintiff, therefore, has not established a genuine dispute of material fact regarding his failure to protect claim against Davis, and she is entitled to summary judgment.

*Defendant Gabriel Walker*

Plaintiff also sues Defendant Gabriel Walker, the warden of security at WCCF, for failing to protect him and then placing him in segregation for a week without his property. Gabriel Walker submits that he is also entitled to summary judgment. He contends that he was not involved in any of the events that led to Plaintiff's injuries, all the actions he took were intended to protect Plaintiff, and Plaintiff was not harmed by being placed in segregation for a short time after the November 5, 2015 attack.

Gabriel Walker is a supervisor at WCCF, but he cannot be held liable for the actions of his subordinates under 42 U.S.C. § 1983 if he did not affirmatively participate in the incident or did not implement an unconstitutional policy. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Plaintiff does not allege that there was an unconstitutional policy. Consequently, Gabriel Walker can only be liable if he affirmatively participated in the complained of events.

Walker was not present prior to any of the alleged assaults. Plaintiff testified that Walker ordered that he be locked in his cell after L.C. Fisher chased him around the zone, but that action was taken to protect Plaintiff, and Plaintiff was not injured on that occasion. Mot. [32], Ex. A at 15. Gabriel Walker did not take any action towards Plaintiff until after Plaintiff returned from the hospital following the November 5, 2015 incident. Walker submits that he intentionally placed Plaintiff in segregation for his own safety, and this action shows concern for Plaintiff, not deliberate indifference. Mot. [32] at 16.

Plaintiff complains that while he was in segregation Walker "stripped me of my property for almost a week and shot me away… to Parchman." Mot. [32], Ex. A at 20. But Plaintiff does not allege that his property was confiscated or permanently taken, and therefore does not allege a due process violation. *See Triplett v. LeBlanc*, 642 Fed. App'x 457, 460 (5th Cir. 2016) (holding that plaintiff failed to state a due process violation because he did not assert that prison officials confiscated his property).

To the extent that Plaintiff was uncomfortable or displeased to be in segregation without his property, the Court notes that he was placed in segregation for his own safety. Moreover, prisoners are not entitled to comfortable prisons. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981) ("[T]he Constitution does not mandate comfortable prisons…").

The record reflects that Gabriel Walker had limited interaction with Plaintiff from November 1-5, and when he did made decisions regarding Plaintiff's housing, he ordered that Plaintiff be locked in a cell. Defendant Gabriel Walker cannot be held liable for the independent actions of his subordinates, and the actions he took personally do not demonstrate a wanton disregard for Plaintiff's safety. The evidence put forth by Plaintiff does not demonstrate that

Gabriel Walker acted with deliberate indifference. Gabriel Walker is entitled to summary judgment dismissing the claims brought against him.

*Defendant MTC*

Finally, Plaintiff sues MTC because it operates WCCF and employs the individual Defendants, who allegedly violated Plaintiff's Eighth Amendment protections. MTC, as a private corporation fulfilling a state function, is not vicariously liable under 42 U.S.C § 1983 "for its employees' deprivations of others' civil rights." *Carpenter v. Mgmt. & Training Corp.*, 2014 WL 4955693, at *3 (N.D. Miss. Oct. 2, 2014) (quoting *Lonoaea v. Corr. Corp. of Am.*, 665 F. Supp. 2d 677, 685 (N.D. Miss. 2009)). "Rather, a private corporation is only liable when an official policy or custom of the corporation causes, or is the 'moving force' behind the constitutional violation." *Id.* (referencing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *see also Ramsey v. Mgmt. & Training Corp.*, 2019 WL 5191825, at *3 (N.D. Miss. Oct. 15, 2019)).

Plaintiff has not submitted any competent summary judgment evidence that establishes MTC had an official policy, practice, or custom that led to constitutional violations. There is no genuine issue of material fact regarding this issue. MTC should be granted summary judgment.

IT IS, THEREFORE, ORDERED that Defendants Sarah Davis, Diania Walker, Gabriel Walker, and Management Training Corporation's Motion [32] for Summary Judgment is GRANTED. A separate judgment will be entered dismissing this matter with prejudice.

SO ORDERED, this the 22nd day of November, 2019.

/s/Michael T. Parker
United States Magistrate Judge